IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarrel Lee Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State of South Carolina,<br><br>　　　　　Defendant. | C/A No.: 5:25-cv-6445-SAL<br><br><br>**ORDER** |

  Plaintiff Jarrel Lee Johnson, proceeding pro se and in forma pauperis, filed this this action alleging violations of his civil rights by the State of South Carolina et al.[1] *See* ECF No. 1. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kaymani D. West (the "Report"), recommending that this case be summarily dismissed without prejudice. [ECF No. 43.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 7. Plaintiff has not filed objections,[2] and the time for doing so has expired.

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

---

[1] Technically, Plaintiff names "South Carolina et al." in his complaint, but there are no other defendants identified and listed other than the State of South Carolina. *See* ECF No. 43; *see also* ECF Nos. 1 at 1; 1-2 at 1; 1-4 at 1; 1-10 at 1. As noted in the Report, Plaintiff has been advised that he cannot pursue a *Bivens* or 42 U.S.C. § 1983 claim against the State of South Carolina, and he has been given the opportunity to amend his complaint, but he has not done so.

[2] The court received a document entitled "Memorandum of Law: Mental Anguish" after the Report issued. [ECF No. 45.] That document does not address the Report, and it is dated September 9, 2025, prior to the Report's filing date of September 15, 2025. But the document was not mailed until October 11, 2025. *See* ECF No. 45-1 at 1.

*de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The only document the court has received from Plaintiff since the Report was filed does not raise any specific objections to the Report itself. *See* ECF No. 45. Thus, this court may review the Report for clear error. However, even under a de novo review, the court agrees with the magistrate judge's summary dismissal recommendation—the only defendant Plaintiff has named in this action is the State of South Carolina, but Plaintiff cannot proceed in either a *Bivens* or § 1983 action against that Defendant. *See* ECF No. 43 at 5. While Plaintiff has been given multiple opportunities to correct this deficiency in his pleadings, he has declined to do so. This court is constrained to summarily dismiss this case.

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error and **ADOPTS** the Report, ECF No. 43. Also under a de novo review, this case must be summarily dismissed. For the reasons discussed in the Report, this case is **DISMISSED WITHOUT PREJUDICE, WITHOUT ISSUANCE AND SERVICE OF PROCESS, AND WITHOUT LEAVE TO AMEND**. Plaintiff's pending motions, ECF Nos. 15, 23, are **DENIED AS MOOT**.

IT IS SO ORDERED.

October 17, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge